```
UNITED STATES DISTRICT COURT            FOR ONLINE PUBLICATION
EASTERN DISTRICT OF NEW YORK            ONLY
---------------------------------------------------------------- X
BAYO OGUNSANYA,                         :
                                        :
                    Plaintiff,          :
                                        :                MEMORANDUM
                                        :                AND ORDER
       - against -                      :
                                        :                08-CV-940 (JG)
                                        :
ROBERT LANGMUIR,                        :
                                        :
                    Defendant.          :
---------------------------------------------------------------- X
```

A P P E A R A N C E S :

    MORGENSTERN FISHER & BLUE, LLC
        885 Third Avenue
        New York, New York 10022
    By:    Eric B. Fisher
        Attorneys for Plaintiff

    MCLAUGHLIN & STERN, LLP
        260 Madison Avenue
        New York, New York 10016
    By:    Jon Paul Robbins
        Peter R. Stern
        Attorneys for Defendant

JOHN GLEESON, United States District Judge:

        Plaintiff Bayo Ogunsanya sold an old trunk and its contents to defendant Robert Langmuir. Unbeknownst to Ogunsanya, but not, he alleges, to Langmuir, the contents included some very valuable photographs taken by Diane Arbus. According to Ogunsanya, Langmuir duped him into making the sale, promising to pay Ogunsanya more money for them if they turned out to be worth more than the purchase price. So Ogunsanya has brought this diversity action, asserting claims for (1) rescission of the sale; (2) restitution and reformation of the agreement to sell; (3) fraudulent inducement; and (4) unjust enrichment. He seeks damages and

injunctive relief. Langmuir moved to dismiss the first and third claims of Ogunsanya's amended complaint. For the reasons set forth below, I issued a brief order on September 5, 2008, denying the motion.

BACKGROUND[1]

Ogunsanya is a collector of African-Americana, including memorabilia, photographs and ephemera. In July 2002, he attended an auction of unclaimed possessions from a storage facility in the Bronx, New York. At the auction, he purchased a storage trunk that had belonged to Richard "Charlie" Lucas, an African-American performer of the mid-twentieth century. The trunk contained a number of photographs, as well as a cape, baton, tax documents and postcards.

In the fall of 2002, Ogunsanya and Langmuir both attended a memorabilia show, and Ogunsanya mentioned the Lucas trunk to Langmuir. Langmuir expressed interest in seeing its contents, and they agreed to meet at Ogunsanya's home in Brooklyn after the show. Langmuir reviewed the contents of the trunk and purchased several of the photographs in the trunk for approximately $1,500.

A few weeks later, Langmuir called Ogunsanya and expressed his interest in purchasing more photographs from the Lucas trunk. Langmuir again visited Ogunsanya's home, and he offered to purchase the trunk and all of its remaining contents for $2,000. Ogunsanya was reluctant to part with all of the contents of the trunk, but Langmuir assured him that if the photographs turned out to be worth more than Ogunsanya thought they were worth, Langmuir

---

[1] The facts set forth here are contained principally in the complaint. As I must, I accept them as true for purposes of this motion.

would pay him more money later.[2]  In reliance on Langmuir's statement, Ogunsanya agreed to sell the remaining contents of the trunk for approximately $2,000.

An article in *The New York Times* on November 22, 2007 reported that Lucas was the manager of Hubert's Dime Museum and Flea Circus -- a "'celebrated basement phantasmagoria on 42nd Street.'"  Am. Compl. at 18.  The photographs in the trunk, the article said, included "historically-significant and previously-unknown works of legendary New York photographer Diane Arbus." *Id.*  The photographs would be sold at auction by Philips de Pury & Company in New York on April 8, 2008, after exhibitions in Los Angeles and Germany.  On January 15, 2008, Ogunsanya reminded Langmuir of his assurance that he would pay more money if the photographs turned out to be more valuable than Ogunsanya thought they were at the time of sale in 2002.  Langmuir refused to negotiate with Ogunsanya concerning the allocation of the proceeds of the anticipated auction and repudiated his promise to pay more money for the photographs.

Shortly before filing suit, Ogunsanya learned that Langmuir knew back in 2002 that he was purchasing extraordinarily valuable works of art by Diane Arbus.  Langmuir admitted to a *Philadelphia Inquirer* reporter that he knew the photographs were rare Diane Arbus prints *before* the second transaction with Ogunsanya.  Langmuir told the reporter that at the time of the second transaction, he tried to "stay calm," but he was "burning up," *id.* at 44, presumably because he knew that the photographs were worth far more than he was paying for them.

As mentioned, the auction was scheduled for April 8, 2008.  The photographs were expected to sell for more than $1 million.  However, Ogunsanya filed this action on March 5, 2008, and the auction was canceled at the last minute.

---

[2]  According to the complaint, Langmuir said as follows: "Don't worry.  If these photos turn out to be worth more than you and I think they are, then I will give you more money for them later."  Am. Comp. ¶ 16.

DISCUSSION

A.  *Legal Standard for a Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, I do not give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds on which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis omitted) (interpreting *Twombly*), *cert. granted*, 128 S.Ct. 2931 (2008).

B.  *Plaintiff's First Claim for Relief: Rescission Due to Failure to Agree on Price*

Langmuir moves to dismiss Ogunsanya's first claim for relief, construing it as a claim for rescission based on Ogunsanya's third cause of action, which alleges fraud in the

inducement. But Ogunsanya makes clear in his brief opposing the motion that his first claim for relief is based on the theory that the sale is void because the parties failed to agree on a price. Ogunsanya conceives of the transaction as one in which the full purchase price would be determined after Langmuir researched the value of the photographs. The alleged agreement that Langmuir would investigate the value of the photographs and pay more if warranted could be interpreted as either an open price term or as a third promise in the contract. In light of this ambiguity, the claim for rescission cannot be properly decided at this stage.

If the agreement consisted of three distinct promises (Langmuir's promise to pay $2,000 for the photographs; his promise that he would supplement the initial price in the event the photographs were more valuable; and Ogunsanya's promise to give Langmuir the photographs), Langmuir's failure to follow through on his promise to supplement the purchase price does not necessarily mean that the contract is void. Rather, it could be that Langmuir simply breached his promise. In such a case, if the breach "substantially defeats" the purpose of the contract, rescission may be the appropriate remedy. *See Babylon Associates v. Suffolk County*, 475 N.Y.S.2d 869 (2d Dep't 1984) ("In order to justify the intervention of equity to rescind a contract, a party must allege fraud in the inducement of the contract; failure of consideration; an inability to perform the contract after it is made; or a breach in the contract which substantially defeats the purpose thereof.").

On the other hand, Ogunsanya's conception of the contract as containing an open price term is also plausible. Under the New York Commercial Code, which controls in this setting because the transaction involved a sale of goods, open price terms do not void a contract.[3]

---

[3] NYCC § 2-305(1) provides as follows:
The parties if they so intend can conclude a contract for sale even though the price is not settled. In such a case the price is a reasonable price at the time for delivery if (a) nothing is said as to price; or (b) the

Ogunsanya, however, could be entitled to cancellation[4] of the contract because, under NYCC § 2-305(3), "when the price left to be fixed [other than by agreement of the parties] fails to be fixed through the fault of one party, the other may at his option treat the contract as cancelled or himself fix a reasonable price." Ogunsanya alleges that Langmuir is at fault for failing to fix the final price by failing to follow through on his promise to research the provenance of the photographs and amend the price if the photographs turned out to be valuable. Cancellation of the contract would therefore be an appropriate remedy.

Accordingly, Langmuir's motion to dismiss Ogunsanya's claim for rescission is without merit.

C. *Plaintiff's Third Claim for Relief: Fraudulent Inducement*

In order to prove fraudulent inducement of a contract under New York law, a plaintiff must show (1) that the defendant made a material false representation; (2) that he did so with the intent to defraud the plaintiff; (3) that the plaintiff reasonably relied on that representation; and (4) that the plaintiff suffered damage as result of that reliance. *Keywell Corp. v. Weinstein*, 33 F.3d 159 (2d Cir. 1994); *accord UniCredito Italiano SPA v. JPMorgan Chase Bank*, 288 F. Supp. 2d 485 (S.D.N.Y. 2003); *Albert Apartment Corp. v. Corbo Co.*, 582 N.Y.S.2d 409, 410 (1992).

Ogunsanysa's fraudulent inducement claim is predicated on Langmuir's false representations that (1) the photographs obtained in the second sale were worth approximately

---

price is left to be agreed by the parties and they fail to agree; or (c) the price is to be fixed in terms of some agreed market or other standard as set or recorded by a third person or agency and it is not so set or recorded.

[4] The remedy of "cancellation" is the UCC equivalent of rescission. *See Aetna Cas. & Sur. Co. v. O'Connor*, 190 N.Y.S.2d 795, 800 (2d Dep't 1959) ("According not only to dictionary definitions but also to accepted usage in the legal profession, the words 'cancellation' and 'rescission' are frequently regarded as interchangeable.").

$2,000,[5] and (2) if that turned out not to be true, Lanmuir would give Ogunsanya more money for them. Langmuir contends that Ogunsanya's reliance on the alleged representations was unreasonable in light of the length of time that Ogunsanya had to exercise due diligence and ordinary intelligence and to discover for himself that Diane Arbus was the photographer. Langmuir argues that the identity of Diane Arbus as the photographer was not a matter peculiarly within his own knowledge, and Ogunsanya could have found it out for himself. Thus, the argument concludes, Ogunsanya's reliance on Langmuir's statement was unreasonable as a matter of law.

I am unpersuaded. First, in the absence of "hints of . . . falsity" that might trigger a heightened requirement of diligence, Ogunsanya was not required to exercise due diligence. *Banque Franco-Hellenique de Commerce Int'l et Maritime, S.A. v. Christophides,* 106 F.3d 22, 26-27 (2d Cir. 1997); *see also Royal Amer. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1015-16 (2d Cir. 1989) ("Since our decision in *Mallis v. Bankers Trust Co.*, 615 F.2d 68 (2d Cir. 1980), . . . the degree of diligence to which plaintiffs are held has been diminished to minimal diligence.").

Second, it is not enough for Langmuir to show that the identity of the photographer was not peculiarly within his knowledge. He must further show that the means of obtaining that knowledge were available to Ogunsanya by the exercise of ordinary intelligence. *See Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 322 (1959) ("It is well-established that, if the facts represented are not matters peculiarly within the party's knowledge, *and the other party has the means available to him of knowing*, by the exercise of ordinary intelligence, the truth or the

---

[5] This alleged false statement is implicit in the statement attributed to Langmuir in ¶ 16 of the Amended Complaint. When Langmuir paid $2,000 for the remaining contents of the trunk, including the second batch of photographs, he is alleged to have said to Ogunsanya that he'd pay more money if the "photos turn out to be worth more than *you and I* think they are." (emphasis added). Ogunsanya could reasonably have understood that to be a representation that both he and Langmuir valued the photographs at approximately $2,000.

7

real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations." (internal quotations omitted) (emphasis added)).

Langmuir overstates his case on this point. Indeed, the case he relies on, *Gen. Motors Corp. v. Villa Marin Chevrolet, Inc.*, No. 98-cv-5206 (JG), 2000 WL 271965, at *29-32 (E.D.N.Y. Mar. 7, 2000), undercuts his argument rather than supports it. In that case, Villa Marin, a car dealer, sued Schlemmer, the owner of property that Villa Marin leased, for fraudulent misrepresentation based on Schlemmer's representation that a valid certificate of occupancy for the subject premises was issued. I held that because the certificate of occupancy was a matter of public record and could easily have been investigated, Villa Marin was unreasonable in failing to investigate whether it existed.

Here, however, the identity of Diane Arbus as the photographer is not a matter of public record. Only those intimately familiar with Arbus's technique -- scholars, experts, and curators – would be qualified to attribute these "lost" photographs to Arbus. Indeed, at the time of Langmuir's purchase, even the most comprehensive catalogue of Arbus's oeuvre would not have included these prints, for the prints had been buried at the bottom of Lucas's trunk for decades. Unlike *Villa Marin*, where the validity of the document in question was easily ascertained by a public records search, Ogunsanya's diligence obligation did not require him to procure an expert opinion as to the creator of the photographs.

To further distinguish the cases, the party claiming justifiable reliance in *Villa Marin* was sophisticated and counseled, whereas here, Ogunsanya was an unsophisticated memorabilia collector who simply bought a trunk at storage house auction. "In assessing whether reliance on allegedly fraudulent misrepresentations is reasonable or justifiable, New

8

York takes a contextual view, focusing on the level of sophistication of the parties, the relationship between them, and the information available at the time of the operative decision." *J.P. Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 406 (S.D.N.Y. 2004); *see also Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.* 382 F. Supp. 2d 411 (S.D.N.Y. 2003) (noting the general hostility of courts to claims by sophisticated business entities for fraudulent inducement). Additionally, there was little information available as to who took the photographs; even Langmuir had to consult a curator at the Metropolitan Museum of Art to determine whether the photographs were original Arbus prints. Accordingly, Ogunsanya's reliance on Langmuir's representations could certainly have been reasonable.

In sum, I cannot conclude as a matter of law that Ogunsanya's reliance on Langmuir's statements was unreasonable. *See Country World, Inc. v. Imperial Frozen Foods Co.*, 186 A.D.2d 781, 781 (2d Dep't 1992) ("In a fraud action, whether a party could have ascertained the facts with reasonable diligence so as to negate justifiable reliance is a factual question."); *MTV Networks v. Curry*, 867 F. Supp. 202, 207 (S.D.N.Y. 1996) ("Questions of the reasonableness of reliance raise issues of fact that must be resolved at trial."). Accordingly, the motion to dismiss the fraudulent inducement claim is without merit.

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss Ogunsanya's first and third claims was denied by my order on September 5, 2008.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 26, 2008
      Brooklyn, New York